CARL EIRICH ET AL., APPELLANTS, V. HENRY OSTWALD ET AL.,
APPELLEES.

47 N. W. 2d 574

Filed May 4, 1951. No. 32873.

*Littrell & Patz,* for appellants.

*Towle, Young & Mattson,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

On consideration of the motion for rehearing and a re-examination of the record it appears that the part of the opinion fixing the width of plaintiffs' right on 820 from the tree to the street is erroneous. The line, instead of being "due south," should be a straight line to the street parallel with the east line of the house on 814.

Accordingly the following is substituted for the 11th paragraph of the opinion: "Therefore the evidence of the plaintiffs is in proof of a use from the garage to the tree east of the surveyed line beginning at a point approximately 14 inches east of the surveyed line at the garage and extending in a straight line to the west side of the tree which is probably 3 feet east of the surveyed line. From the tree to the street the claim is to an extension of the line from the tree to the street which would allow a driveway of a width equal to the width used opposite the tree."

Accordingly also the following is substituted for the last paragraph of the opinion: "The decree of the district court is reversed and the cause remanded with directions to enter a decree quieting title in plaintiffs

to that portion of the east half of Lot 21, Block 5, Cahn, Metcalf, and Farwell's Subdivision in Lincoln, Lancaster County, Nebraska, lying west of a straight line beginning 8 inches east of the southeast corner of the garage on the west half of said lot and extending southward to a point 2 feet and 10 inches west of the center of the tree on the east half of said lot, which tree has been described and referred to herein, thence south in a straight line parallel with the east line of the house referred to as 814, and also that portion of the east half, or 820, on which is located a part of the garage of the plaintiffs."

With the opinion thus changed and modified the motion for rehearing is denied.

MOTION FOR REHEARING DENIED.